UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH BOOKER, | ) | Case No. 1:06CV1080 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE KATHLEEN O'MALLEY |
| vs. | ) | Magistrate Judge George J. Limbert |
| | ) | |
| CARL S. ANDERSON, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Respondent. | ) | OF MAGISTRATE JUDGE |

On April 27, 2006, Kenneth Booker ("Petitioner"), a prisoner in state custody at the Grafton Correctional Institution in Grafton, Ohio, filed his petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. §2254 and 28 U.S.C. §2241. Electronic Case Filing ("ECF") Dkt. #1. On August 28, 2006, Carl S. Anderson ("Respondent"), the Warden of the Grafton Correctional Institution, filed an answer/motion to dismiss. ECF #7. On September 6, 2006, Petitioner filed a traverse to Respondent's answer/motion to dismiss the writ. ECF Dkt. #9. He also filed a motion for evidentiary hearing (ECF Dkt. #8), a motion for the appointment of counsel (ECF Dkt. #10), a motion to stay state court proceedings and adjudication (ECF Dkt. #11), and a motion for temporary restraining order/permanent injunction (ECF Dkt. #12).

For the following reasons, the undersigned recommends that the Court grant Respondent's motion to dismiss (ECF Dkt.#7) and dismiss Petitioner's federal habeas corpus petition with prejudice (ECF Dkt. #1). The undersigned further denies Petitioner's motion for the appointment of counsel (ECF Dkt. #10) and recommends that the Court deny as moot

1

Petitioner's motion for evidentiary hearing (ECF Dkt. #8), his motion to stay state court proceedings and adjudication (ECF Dkt. #11) and his motion for temporary restraining order/permanent injunction (ECF Dkt. #12).

## I. FACTUAL BACKGROUND/PROCEDURAL HISTORY

### A. STATE TRIAL COURT

On June 21, 1991, the Cuyahoga County Grand Jury indicted Petitioner on ten counts of rape in violation of Ohio Revised Code § 2907.02; three counts of gross sexual imposition in violation of Ohio Revised Code § 2907.05; and one count of felonious sexual penetration in violation of Ohio Revised Code § 2907.12. ECF Dkt. #7, Exhibit 1. Petitioner proceeded to trial and on October 11, 1991, the court journalized the jury verdicts finding Petitioner guilty of two counts of rape and three counts of gross sexual imposition of victims under the age of thirteen. *Id.* On that same date, the trial court sentenced Petitioner to ten to twenty-five years of imprisonment on the rape convictions, and two years on the gross sexual imposition convictions. *Id.*

### B. DIRECT APPEAL

Petitioner filed a timely appeal of his conviction and sentence to the Eighth District Court of Appeals and on April 8, 1992, Petitioner, through counsel, filed an appellate brief, asserting the following assignments of error:

> ASSIGNMENT OF ERROR NO. 1: KENNETH BOOKER WAS DENIED HIS FREEDOM WITHOUT DUE PROCESS OF LAW BY HIS CONVICTION WHICH WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
>
> ASSIGNMENT OF ERROR NO. 2: THE TRIAL COURT ERRED BY ADMITTING INADMISSIBLE HEARSAY OVER DEFENSE COUNSEL'S OBJECTIONS AND THEREBY DEPRIVED KENNETH BOOKER OF HIS RIGHT TO DUE PROCESS OF LAW AS GUARANTEED BY THE FIFTH

AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 16, ARTICLE I OHIO CONSTITUTION.

ECF Dkt. #1, Exhibit 2. On May 29, 1992, the State of Ohio filed an appellee's brief. ECF Dkt. #7, Exhibit 3. Petitioner thereafter filed a request for a supplemental brief, adding an argument that his right to a speedy trial was violated. ECF Dkt. #7, Exhibit 4. Respondent filed a supplemental responsive brief. ECF Dkt. #7, Exhibit 5.

On August 9, 1993, the Eighth District Court of Appeals addressed Petitioner's assignments of error and affirmed his conviction and sentence. ECF Dkt. #7, Exhibit 6.

Petitioner, with counsel, filed a timely notice of appeal to the Ohio Supreme Court and he filed a pro se memorandum in support of jurisdiction in that Court on August 18, 1993. ECF Dkt. #7, Exhibit 7. In his memorandum in support of jurisdiction, Petitioner presented the following propositions of law:

    1.    KENNETH BOOKER WAS DENIED HIS FREEDOM WITHOUT DUE PROCESS OF LAW BY HIS CONVICTION WHICH WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

    2.    THE TRIAL COURT ERRED BY ADMITTING INADMISSIBLE HEARSAY OVER DEFENSE COUNSEL'S OBJECTIONS AND THERBY DEPRIVED KENNETH BOOKER OF HIS RIGHT TO DUE PROCESS OF LAW AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

    3.    THE DEFENDANT WAS DENIED HIS RIGHT TO A SPEEDY TRIAL PERIOD AS SET FORTH IN ARTICLE (1) SECTION (10) OF THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

    4.    TRIAL COURT ERRED BY ADMITTING THREE JUDGES OVER DEFENSE COUNSEL'S OBJECTION AND THEREBY DEPRIVED KENNETH BOOKER OF HIS RIGHT TO A FAIR TRIAL AS AFFORDED BY THE UNITED STATES CONSTITUTION UNDER ARTICLE III, SECTION (2).

ECF Dkt. #7, Exhibit 8. On September 10, 1993, the State of Ohio filed a memorandum in opposition to jurisdiction. ECF Dkt. #7, Exhibit 9. Petitioner filed an additional brief. ECF Dkt. #7, Exhibit 10. On November 24, 1993, the Supreme Court of Ohio declined jurisdiction to hear Petitioner's case, finding that it did not involve any substantial constitutional question. ECF Dkt. #7, Exhibit 11.

### C. MOTION FOR DELAYED REOPENING OF APPEAL

Petitioner thereafter filed a motion for delayed reopening of his appeal and the appellate court denied the motion as untimely without good cause and denied the motion based upon the doctrine of *res judicata*. ECF Dkt. #7, Exhibit 14.

Petitioner appealed this denial to the Supreme Court of Ohio, but that court dismissed the appeal on March 26, 1997 as not involving any substantial constitutional question. ECF Dkt. #7, Exhibit 18.

### D. SEXUAL PREDATOR CLASSIFICATION

Petitioner relates that on March 19, 2003 and April 1, 2003, the State of Ohio filed a motion requesting that the court classify Petitioner as a sexual predator for his 1991 convictions. ECF Dkt. #1 at 1. On October 30, 2003, Petitioner filed a motion to dismiss his sexual offender classification hearing as moot due to Respondent's failure to prosecute this hearing in a timely manner. ECF Dkt. #7, Exhibit 21; ECF Dkt. #7, Exhibit 22 at 3. In Petitioner's motion, he noted that sexual offender classifications and hearings had been in existence in Ohio since 1963 and the prosecutor and the court could have taken but failed to take steps in 1991 to hold such a hearing and designate him as such. *Id.*

4

On December 15, 2003, the trial court held a sexual offender classification hearing pursuant to Ohio Revised Code § 2950.09(B). ECF Dkt. #7, Exhibit 22. On January 6, 2004, based upon evidence presented at the hearing, the trial court adjudicated Petitioner a sexual predator. ECF Dkt. #7, Exhibit 23. *Id.*

### E. APPEAL OF SEXUAL PREDATOR CLASSIFICATION

On January 15, 2004, Petitioner, through counsel, filed a timely notice of appeal of his sexual predator classification. ECF Dkt. #7, Exhibit 24. Petitioner thereafter filed a motion to correct the record in order to file a copy of an evaluation prepared by the Court Psychiatric Clinic and to include a House Bill 180 packet relating to his offenses. ECF Dkt. #7, Exhibit 25. In his appellate brief, Petitioner presented the following assignments of error:

> ASSIGNMENT OF ERROR I:
>
> THE COURT ERRED BY ADJUDICATING MR. BOOKER A SEXUAL PREDATOR IN THE ABSENCE OF SUFFICIENT EVIDENCE THAT WOULD ESTABLISH BY CLEAR AND CONVINCING EVIDENCE THE LIKELIHOOD TO ENGAGE IN THE FUTURE IN A SEXUALLY ORIENTED OFFENSE.
>
> ASSIGNMENT OF ERROR II:
>
> R.C. 2950.01 ET SEQ., AS AMENDED BY SENATE BILL 5 AND APPLIED TO MR. BOOKER VIOLATES ART. I, CES.[SIC] 10, OF THE UNITED STATES CONSTITUTION AS EX POST FACTOR LEGISLATION, AND VIOLATES ART. II, SEC. 28 OF THE OHIO CONSTITUTION AS RETROACTIVE LEGISLATION.
>
> ASSIGNMENT OF ERROR III:
>
> R.C. 2950.01, ET SEQ., AS AMENDED BY SENATE BILL 5 AND APPLIED TO MR. BOOKER VIOLATES ARTICLE I, SECTION 1 OF THE OHIO CONSTITUTION AS AN UNREASONABLE INFRINGEMENT UPON MR. BOOKER'S PERSONAL LIBERTIES.

ECF Dkt. #7, Exhibit 26.

On June 8, 2004, Petitioner filed a pro se motion to supplement his appellate brief, asserting the following additional assignments of error:

> ERROR 1    THE TRIAL COURT ERRED IN LABELING THE APPELLANT A SEXUAL PREDATOR UNDER O.R.C. 2950.09(B)(C) WHICH WAS HIGHLY PREJUDICE[sic] & VIOLATED HIS DUE PROCESS UNDER THE U.S. CONSTITUTION AND EQUAL PROTECTION.
>
> ERROR 2    THE TRIAL COURT ERRED IN STATING THE APPELLANT HAS TO REGISTER AS A SEXUAL PREDATOR WHICH VIOLATE[sic] O.R.C. STATUTE 2950.04 WHICH IS HIGHLY PREJUDICE[sic] AND DO NOT HAVE TO REGISTER UNDER THE DUE PROCESS AND EQUAL PROTECTION UNDER THE LAW AND STATUTE.
>
> ERROR 3    THE TRIAL COURT ERRED IN GRANTING THE STATE'S MOTION TO DETERMINE THE APPELLANT TO BE A SEXUAL PREDATOR WHEN APPELLANT NAVER[sic] RECEIVE[sic] A COPY OF THE MOTION NOR GIVEN NOTICE OF THE HEARING AS REQUIRED BY CIV. R. 5(A)(B)(C)(D)(E) & CRIM. R. 49 AND O.R.C. STATUTE 2950.09(B)(1) AND THE DUE PROCESS OF LAW WHICH WAS HIGHLY PREJUDICE[sic].
>
> ERROR 4    THE TRIAL COURT ERRED WHEN [sic] CONSIDERED THE NOT GUILTY VERDICT IN WHICH VIOLATED THE RAPE SHIELD LAW AND DOUBLE JEOPARDY CLAUSE OF THE UNITED STATES CONST.
>
> ERROR 5    THE TRIAL COURT ERRED WHEN CONSIDERING THE O.R.C. FACTORS INPROPERLY[sic] WHICH VIOLATED HIS DUE PROCESS AND EQUAL PROTECTION UNDER THE LAW.
>
> ERROR 6    THE TRIAL COURT ERRED WHEN CONDUCTING A SECOND SEXUAL PREDATOR HEARING WHICH IS BARRED BY RES JUDICATA & DUE PROCESS AND EQUAL PROTECTION UNDER THE LAW.
>
> ERROR 7    HEARING COUNSEL OF HOUSE BILL 180 SEXUAL PREDATOR WAS INEFFECTIVE FOR A NUMBER OF REASONS WHICH VIOLATED HIS (6) & (14) AMENDMENT

>>TO THE UNTIED[sic] STATES CONSTITUTION OF THE LAW.

ECF Dkt. #7, Exhibit 16. The appellate court granted the motion on June 21, 2004. ECF Dkt. #1, Exhibit 9. The State filed a reply brief and on October 21, 2004, the Eighth District Court of Appeals affirmed the trial court's adjudication of Petitioner as a sexual predator. ECF Dkt. #7, Exhibit 28; ECF Dkt. #7, Exhibit 29. However, the appellate court addressed only the assignments of error that Petitioner presented in his original appellate brief.

On October 7, 2004, Petitioner filed a motion to reconsider and to reinstate his appeal pursuant to Rule 26(A) of the Ohio Rules of Appellate Procedure and the appellate court's Local Rule 18. ECF Dkt. #7, Exhibit 30. On October 21, 2004, the appellate court denied Petitioner's motion for reconsideration. ECF Dkt. #7, Exhibit 31.

On December 3, 2004, Petitioner filed a complaint in mandamus in the Supreme Court of Ohio requesting that the court order the appellate court to review the assignments of error that he presented in his supplemental appellate brief that the court permitted him to file. ECF Dkt. #1, Exhibit 12. The State of Ohio filed a motion to dismiss the mandamus complaint and Petitioner filed a reply. ECF Dkt. #1, Exhibits 13 and 14. On February 2, 2005, the Ohio Supreme Court sustained the motion to dismiss and dismissed Petitioner's complaint for a writ of mandamus. ECF Dkt. #1, Exhibit 15.

## II.     **FEDERAL HABEAS CORPUS PETITION**

Petitioner executed the instant petition for writ of habeas corpus pursuant to both 28 U.S.C. §2241 and U.S.C. § 2254 on April 27, 2006, and it was filed in this Court on May 2, 2006. ECF #1. Petitioner presents the following grounds for federal habeas corpus relief:

7

    1.      THE TRIAL COURT ERRED IN LABELING THE PETITIONERT[sic] A SEXUAL PREDATOR UNDER O.R.C. 2950.09(B)(C) WHICH WAS HIGHLY PREJUDICE[sic]] & VIOLATED HIS DUE PROCESS UNDER THE U.S. CONSTITUTION AND EQUAL PROTECTION.

    2.      TRIAL COURT ERRED IN STATING THE PETITION REGISTER AS A SEXUAL PREDATOR WHICH VIOLATE[sic] O.R.C. 2950.04 which is highly prejudice[sic] and do not HAVE TO REGISTER UNDER THE DUE PROCESS AND EQUAL PROTECTION UNDER THE LAW AND STATUTE.

    3.      THE TRIAL COURT ERRED IN GRANTING THE STATE MOTION TO DETERMINE THE PETITION[sic] TO BE A SEXUAL PREDATOR WHEN PETITIONER NEVER RECIEVE[sic] A COPY OF THE MOTION NOR NOTICE OF THE HEARING AS REQUIRED BY CIVIL RULE 5(A)(B)(C)(D)(E) AND CRIM. RULE 49 AND O.R.C. STATUTE 2950.09(B)(1).  AND THE DUE PROCESS OF THE LAW AND WAS HIGHLY PREJUDICE[sic]

    4.      TRIAL COURT ERRED WHEN [sic] CONSIDERED THE NOT GUILTY VERDICT IN[sic[ WHICH VIOLATED THE RAPE SHIELD LAW AND DOUBLE JEOPARDY CLAUSE OF THE UNITED STATES CONSTITUTION.

    5.      THE TRIAL COURT ERRED WHEN CONSIDERING THE O.R.C. 2950.09(B)(2) factors VIOLATED HIS DUE PROCESS AND EQUAL PROTECTION UNDER THE LAW.

    6.      THE TRIAL COURT ERRED IN CONDUCTING A SECOND SEXUAL PREDATOR HEARING BY RES JUDICATA & DUE PROCESS AND EQUAL PROTECTION UNDER THE LAW.

    7.      HEARING COUNSEL OF HOUSE BILL !*)[sic] SEXUAL PREDATOR WAS INEFFECTIVE FOR A NUMBER OF REASONS WHICH VIOLATED HIS (6) & (14) AMENDMENT[sic] TO THE UNITED STATES CONSTITUTION OF THE LAW.

ECF Dkt. #1.

    On August 28, 2006, Respondent filed an answer/return of writ.  ECF #7.  In turn, on September 6, 2006, Petitioner, pro se, filed a motion for evidentiary hearing, a traverse to

Respondent's answer/return of writ, a motion for the appointment of counsel, and a motion to stay court proceedings and adjudication. ECF #s 8-11. Petitioner also filed a motion for temporary restraining order/preliminary injunction on October 27, 2006. ECF Dkt. #12.

**III.     28 U.S.C. §2241 OR 28 U.S.C. §2254**

Petitioner attempts to bring his grounds for relief in the instant petition pursuant to both 28 U.S.C. § 2241 and 28 U.S.C. § 2254. ECF Dkt. #1. The Sixth Circuit has permitted state prisoners to proceed under § 2241, but the court subjects those petitions to the restrictions of § 2254, finding that § 2254(a) is a "limitation on the grant of jurisdiction conferred in § 2241 that applies to cases involving prisoners subject to state court judgments." *Rittenberry v. Morgan,* 468 F.3d 331, 337 (6th Cir. 2006); *Greene v. Tenn. Dep't of Corr.,* 265 F.3d 369, 371 (6th Cir.2001). Thus, whether the Court chooses to treat Petitioner's instant petition as one filed under § 2254 or as one filed under § 2241, Petitioner must still meet the requirements of § 2254, including the statute of limitations requirement, cognizability, exhaustion and the avoidance of procedural default.

**IV.     PROCEDURAL BARRIERS TO REVIEW**

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a writ of federal habeas corpus. In order to invoke the habeas corpus review by a federal court, the habeas corpus petition must be "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Supreme Court has repeatedly and unequivocally stated that "[t]he federal habeas corpus statute requires that the applicant must be 'in custody' when the application for habeas corpus is filed." *Cafafas*

9

*v. LaVallee,* 391 U.S. 234, 238 (1968). In addition, as Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993). Accordingly, in order for this Court to review his grounds for relief on their merits, Petitioner must show that he is in custody pursuant to a state court judgment that is in violation of the Constitution, laws or treaties of the United States. He must also show that he has timely filed his federal habeas corpus petition within the one-year statute of limitations, he has fully exhausted his grounds for relief in the state courts, and he has not procedurally defaulted those grounds for relief.

### A. "IN CUSTODY" REQUIREMENT OF 28 U.S.C. §2254(a)

The Court should dismiss Petitioner's federal habeas corpus petition because he has not shown that he is "in custody" pursuant to a state court judgment that is in violation of federal law, federal constitutional law, or United States treaties as required by 28 U.S.C. §2254(a). A prisoner invokes the habeas corpus review of a federal court by filing a habeas corpus petition "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *Id*. The Sixth Circuit Court of Appeals has held that classification of a defendant as a sexual predator by Ohio courts does not meet the "in custody" requirement of §2254(a) in order to confer jurisdiction upon the federal habeas courts. *Leslie v. Randle*, 296 F.3d 518, 520 (6th Cir. 2002). The Sixth Circuit has found that Ohio's "classification, registration, and community notification provisions are more analogous to collateral consequences such as the loss of the

10

right to vote than to severe restraints on freedom of movement such as parole". *Id*. at 523. Courts in this district have followed the Sixth Circuit and found that a prisoner challenging a sexual predator classification by an Ohio court does not meet the "in custody" requirement of §2254(a). *See Canfield v. Bradshaw*, No. 3:05CV2343, 2007 WL 397019 at *6 -7 (N.D.Ohio Jan. 31, 2007)(adopting Magistrate Judge's Report and Recommendation); *Charley v. Bagley*, No. 1:03CV1607, 2007 WL 1624240 (N.D. Ohio June 2, 2006)(adopting Magistrate Judge's Report and Recommendation).

 In the instant case, all of Petitioner's grounds for relief appear to concern the trial court's sexual predator classification hearing and the classification of him as a sexual predator. ECF Dkt. #1. Since Petitioner is only challenging issues relating to the sexual predator classification, which are collateral consequences and not challenges to his conviction or sentence, the undersigned recommends that the Court find that Petitioner does not meet the "in custody" requirement of §2254(a) in order to invoke this Court's jurisdiction. The undersigned therefore recommends that the Court grant Respondent's motion to dismiss and dismiss Petitioner's federal habeas corpus petition with prejudice.

 While Petitioner presents the sexual predator classification issues as his grounds for relief in his federal habeas corpus petition, he asserts in his "reply" that he is not bringing the instant action based upon an "in custody" issue relating to the sexual predator classification. ECF Dkt. #9 at 2. Rather, he contends that he is challenging a violation of due process made by the Ohio appellate court in not addressing the seven constitutional issues that he raised before that court in his pro se supplemental appellate brief to his direct appeal. *Id.*

11

Even if the only issue that Petitioner raises in his instant petition is the alleged violation of due process by the Ohio appellate court in failing to address his supplemental assignments of error, that issue is nevertheless noncognizable before this Court because such a challenge still does not represent a challenge to Petitioner's conviction or sentence as required for the "in custody" requirement of §2254(a). Moreover, the underlying issues for which Petitioner seeks review are still those relating to the classification of him as a sexual predator, which are not challenges to his conviction and sentence.

For these reasons, the undersigned recommends that the Court grant Respondent's motion to dismiss and dismiss Petitioner's federal habeas corpus petition because he is not"in custody" for purposes of challenging his conviction or sentence pursuant to §2254(a).

### B.    STATUTE OF LIMITATIONS

If the Court should choose to find that Petitioner did meet the "in custody" requirement of §2254(a), the undersigned still recommends dismissal of his federal habeas corpus petition because Petitioner failed to file his instant petition within the one-year statute of limitations created by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The AEDPA governs this Court's review of the instant matter because Petitioner executed his petition for habeas relief on April 27, 2006, well after the AEDPA's effective date of April 24, 1996. *See Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998). A state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 must comply with a statute of limitations period set forth in 28 U.S.C. § 2244(d).

"The burden of proving that the statute of limitations has expired falls upon the party asserting the defense; in a habeas case, this burden thus falls on the government." *DiCenzi v.*

12

*Rose,* 419 F.3d 493, 496 (6th Cir. 2005), citing generally *Griffin v. Rogers,* 308 F.3d 647, 653 (6th Cir. 2002). A prisoner whose convictions became final after the effective date of the AEDPA generally has one year from the date that his convictions became final in order to file his federal habeas corpus petition with this Court. 28 U.S.C. § 2244(d)(1); *Brown v. O'Dea*, 187 F.3d 572, 576-77 (6th Cir.1999), *overruled on other grounds*, 530 U.S. 1257 (2000). The limitation period begins to run from the latest of the four delineated dates detailed in 28 U.S.C. § 2244(d)(1). *Id.*

In the instant case, the appellate court journalized the trial court's determination that he was a sexual predator on October 21, 2004. ECF Dkt. #7, Attachment #29. Petitioner did not file a notice of appeal in the Supreme Court of Ohio, but rather filed a motion for reconsideration/motion for reinstatement of appeal with the Ohio appellate court. ECF Dkt. #7, Exhibit 30. The Sixth Circuit Court of Appeals has held that for purposes of federal habeas corpus review, a state-court judgment becomes final when direct review by the state court ends or when the time to seek direct review expires, whichever comes later. *Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir.1999). Petitioner's direct review therefore became final forty-five days after he could have filed an appeal to the Ohio Supreme Court of the Ohio appellate court's affirmation of his designation as a sexual predator. Ohio Sup. Ct. R. II, section 2(A)(1)(a). Petitioner would have had until December 6, 2004, the Monday following the actual forty-fifth day, in which to appeal to the Ohio Supreme Court and he had one year from that date, or until December 6, 2005, in which to file his § 2254 federal habeas corpus petition in this Court. 28 U.S.C. § 2244(d)(1), *supra*. Petitioner did not file his federal habeas corpus petition in this Court until April 27, 2006, well beyond the AEDPA one-year limitation period. ECF Dkt. #1.

However, the tolling provision of AEDPA stays the one-year grace period for filing a federal habeas corpus petition during the time in which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. 28 U.S.C. § 2244(d)(2). Pursuant to the terms of § 2244(d)(2), state court petitions and applications must be both "pending" and "properly filed" in order to toll the AEDPA's one-year period of limitation. 28 U.S.C. § 2244(d)(2); *see also Thomas v. Johnson*, No. 99-3628, 211 F.3d 1270 (Table), 2000 WL 553948 at *2 (6th Cir. Apr. 28, 2000), citing *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000). That is, if a state petition or application is filed following the expiration of the period of limitation, it cannot possibly toll the period because there is "no period remaining to be tolled." *Webster*, 199 F.3d at 1259. In addition, the state petition or application must concern the federally cognizable claim that the petitioner is raising in his instant federal habeas corpus petition. *Austin v. Mitchell*, 200 F.3d 391, 395 (6th Cir. 1999). Further, the Sixth Circuit Court of Appeals has recently held that a properly filed, pending and cognizable state post-conviction or other collateral filing tolls the AEDPA one-year grace period from the date of the filing of the state relief until the conclusion of the time for seeking certiorari in the United States Supreme Court, even if the petitioner has not filed a petition for said certiorari. *Abela v. Martin*, 348 F.3d 164 (6th Cir. 2003).

In the instant case, the one-year AEDPA grace period began running on December 6, 2004, the day after the last day on which Petitioner could have timely filed his direct appeal to the Ohio Supreme Court after excluding the December 5, 2004 date because it was a Sunday. *Wilberger,* 2002 WL 89671; *Austin*, 200 F.3d at 393. The only way to stop the running of the statute of limitations was to have a properly filed and pending state postconviction or collateral

14

review action.  Petitioner had two filings for this Court to review to determine whether they were properly filed and pending state postconviction or collateral review actions that tolled the AEDPA statute of limitations: his motion for reconsideration/motion for reinstatement of his appeal filed in the Ohio appellate court on October 7, 2004, and his complaint in mandamus in the Ohio Supreme Court filed on December 3, 2004.  ECF Dkt. #7, Exhibit 30; ECF Dkt. #1, Exhibit 12.

In reviewing whether Petitioner's motion for reconsideration/motion to reinstate appeal qualifies in order to toll the AEDPA statute of limitations, the Sixth Circuit Court of Appeals has noted that "[i]t is unclear whether motions for reconsideration filed pursuant to Ohio App. R. 26(A) toll AEDPA's statute of limitations" *DiCenzi v. Rose* 452 F.3d 465, 468 (6th Cir. 2006). Nevertheless, the Court should find that Petitioner's motion for reconsideration in the appellate court did not impact the AEDPA statute of limitations because the appellate court ruled on this motion on October 21, 2004, the same day that it journalized its opinion affirming the trial court's classification of Petitioner as a sexual predator.  Therefore, the undersigned recommends that the Court find that this filing is of no consequence to tolling the AEDPA statute of limitations.

With regard to Petitioner's complaint in mandamus to the Ohio Supreme Court, the undersigned recommends that the Court find that it was not a state postconviction or other collateral filing that tolled the AEDPA statute of limitations.  In *Fleming v. Lazaroff*, the United States District Court for the Southern District of Ohio, Western Division, adopted the Report and Recommendation of United States Magistrate Judge Black who found that "[n]ot every filing by a criminal defendant meant to advance his challenge to a judgment of conviction

15

amounts to an application for ⋯ collateral review of the judgment or claim." *Fleming v. Lazaroff,* No. C-1-05-513, 2006 WL 1804546 (S.D. Ohio June 28, 2006), quoting *Witkowski v. Vasbinder,* No. 04-CV-74232-DT, 2006 WL 618891, at *4 (E.D.Mich. Mar.9, 2006) (unpublished) (quoting *Rodriguez v. Spencer,* 412 F.3d 29, 36 (1st Cir.2005), *cert. denied,* --- U.S. ----, 126 S.Ct. 1151, 163 L.Ed.2d 1007 (2006)). The Court further found that the general rule relating to state postconviction and collateral actions that toll the AEDPA statute of limitations requires that the filing "set forth the grounds on which it is based, must state the relief desired, *and must collaterally attack the relevant conviction or sentence." Fleming,* 2006 WL 1804546 (citing *Sibley v. Culliver,* 377 F.3d 1196, 1200 (11 Cir.2004), in turn citing *Voravongsa v. Wall,* 349 F.3d 1, 6 (1 Cir.2003), *cert. denied,* 541 U.S. 963, 124 S.Ct. 1724, 158 L.Ed.2d 407 (2004)) (emphasis added). The Court elaborated that the state postconviction or collateral review application must therefore seek "review" of the "judgment pursuant to which [the petitioner] is incarcerated" in order to fall under the tolling provision of § 2244(d)(2). *Fleming,* 2006 WL 1804546, citing *Moore v. Cain,* 298 F.3d 361, 366-67 (5th Cir.2002), *cert. denied,* 537 U.S. 1236, 123 S.Ct. 1360, 155 L.Ed.2d 202 (2003); *Branham v. Ignacio,* 83 Fed.Appx. 208, 209 (9th Cir. Dec.11, 2003) (not published in Federal Reporter), *cert. denied,* 541 U.S. 1077, 124 S.Ct. 2423, 158 L.Ed.2d 990 (2004); *Johnson v. Lewis,* 310 F.Supp.2d 1121, 1125 (C.D.Cal.2004).

In reviewing whether motions for judicial release filed in the state court tolled the AEDPA statute of limitations, the *Fleming* Court found no caselaw on point but outlined other filings that courts had refused to apply in order to extend the §2244(d)(2) tolling provision and adopted the reasoning for their refusal to apply the tolling provision to motions for judicial

16

release. The Court indicated that courts had refused to apply the tolling provision to mandamus petitions seeking to have a state court take action on a matter. *Fleming,* 2006 WL 1804546, citing *Moore,* 298 F.3d at 366-67; *Webb v. Cason,* No. 02-CV-72788-DT, 2003 WL 21355910, at *4 (E.D.Mich. May 30, 2003) (unpublished), *aff'd,* 115 Fed.Appx. 313 (6 Cir. Dec.17, 2004) (not published in Federal Reporter), *cert. denied,* --- U.S. ----, 125 S.Ct. 2919, 162 L.Ed.2d 305 (2005). In concluding that the AEDPA tolling provision did not apply to motions for judicial release, the Court found that the motions for judicial release "did not seek collateral review of the underlying judgment or sentence that resulted in petitioner's incarceration." *Fleming*, 2006 WL 1804546 at *4.

Similarly in the instant case, Petitioner's complaint in mandamus before the Supreme Court of Ohio did not seek collateral review of his conviction or sentence, but rather sought to compel the Ohio appellate court to address the issues presented in his supplemental appellate brief relating to the trial court's classification of him as a sexual predator. Thus, the mandamus action did not seek collateral review of Petitioner's underlying judgment or sentence that resulted in his incarceration. Further, even applying the issues underlying the complaint in mandamus, *i.e*., those relating to the hearing and classification of Petitioner as a sexual predator, Petitioner's issues still do not challenge his conviction or sentence, but challenge the collateral consequence resulting from his conviction.

Accordingly, neither the motion for reconsideration/motion for reinstatement filed in the Ohio appellate court nor Petitioner's complaint in mandamus before the Ohio Supreme Court tolled the AEDPA one-year statute of limitations. Therefore, Petitioner's time for filing his federal habeas corpus petition ended on December 6, 2005. Petitioner filed his federal habeas

corpus petition on April 27, 2006, well after the expiration of the time for filing. Moreover, the ninety-day time period addressed in *Abela* for seeking certiorari in the United States Supreme Court is not added to Petitioner's time for filing his federal habeas corpus here because neither of his postconviction filings constitute properly filed, pending and cognizable state postconviction or other collateral filings. *Abela,* 348 F.3d 164.

For these reasons, the undersigned recommends that the Court find that Petitioner has untimely filed his federal habeas corpus petition.

Moreover, Petitioner presents no assertion of actual innocence or any reason to apply the doctrine of equitable tolling to his federal habeas corpus petition. As a preliminary matter, the undersigned notes that the doctrine of equitable tolling may be invoked to toll the one- year limitations period applicable to § 2254 habeas corpus petitions. *Dunlap v. United States*, 250 F.3d 1001, 1008-1009 (6th Cir. 2001). In this Circuit, the standard to be applied to determine whether equitable tolling of a limitations period is appropriate is the five-part test set out in *Andrews v. Orr*, 851 F.2d 146,150 (6th Cir.1988). *Dunlap,* 250 F.3d at 1008-1009. This Court must consider the following factors: (1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a petitioner's reasonableness in remaining ignorant of the notice requirement. *See id.* The Sixth Circuit has held that "the doctrine of equitable tolling should be used "sparingly." *Id.* Petitioner in this case makes no argument relating to equitable tolling and the undersigned recommends that the Court find that equitable tolling does not apply.

For these reasons, the undersigned recommends that the Court grant Respondent's motion to dismiss Petitioner's federal writ of habeas corpus and dismiss Petitioner's federal habeas corpus petition.

## V.     MOTION FOR THE APPOINTMENT OF COUNSEL (ECF DKT. #10)

Since the undersigned recommends that the Court grant Respondent's motion to dismiss Petitioner's federal habeas corpus with prejudice, the undersigned denies Petitioner's motion for the appointment of counsel as moot. ECF Dkt. #10.

## VI.    MOTION FOR EVIDENTIARY HEARING (ECF DKT. #8)

Since the undersigned recommends that the Court grant Respondent's motion to dismiss Petitioner's federal habeas corpus with prejudice, the undersigned further recommends that the Court deny Petitioner's motion for evidentiary hearing as moot. ECF Dkt. #8.

## VII.   MOTION TO STAY STATE COURT PROCEEDINGS AND ADJUDICATION (ECF DKT. #11)

Since the undersigned recommends that the Court grant Respondent's motion to dismiss Petitioner's federal habeas corpus with prejudice, the undersigned further recommends that the Court deny Petitioner's motion to stay state court proceedings and adjudication as moot. ECF Dkt. #11.

## VIII.  MOTION FOR TEMPORARY RESTRAINING ORDER/PERMANENT INJUNCTION (ECF DKT. #12)

Since the undersigned recommends that the Court grant Respondent's motion to dismiss Petitioner's federal habeas corpus with prejudice, the undersigned further recommends that the Court deny Petitioner's motion for temporary restraining order/permanent injunction as moot. ECF Dkt. #12.

**IX.     CONCLUSION AND RECOMMENDATION**

For the foregoing reasons, the undersigned recommends that the Court grant Respondent's motion to dismiss (ECF Dkt. #7) and dismiss Petitioner's federal habeas corpus petition with prejudice (ECF Dkt. #1) because he has not met the "in custody" requirement of 28 U.S.C. §2254(a). Should the Court find that Petitioner has met the §2254(a) "in custody" requirement, the undersigned recommends that the Court find that Petitioner's federal habeas corpus petition is time-barred and is not subject to equitable tolling.

Moreover, since the undersigned recommends dismissal of Petitioner's federal habeas corpus petition with prejudice, the undersigned denies Petitioner's motion for the appointment of counsel (ECF Dkt. #10) and further recommends that the Court deny as moot Petitioner's motion for evidentiary hearing (ECF Dkt. #8), his motion to stay state court proceedings and adjudication (ECF Dkt. #11) and his motion for temporary restraining order/permanent injunction (ECF Dkt. #12).

Dated: February 13, 2007                     /s/George J. Limbert
                                             George J. Limbert
                                             United State Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).