**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KENNETH BOOKER,** | : | **Case No. 1:06 cv 1080** |
| | : | |
| **Petitioner,** | : | **JUDGE KATHLEEN O'MALLEY** |
| | : | |
| **v.** | : | |
| | : | |
| **CARL S. ANDERSON,** | : | <u>**ORDER**</u> |
| | : | |
| **Defendant.** | : | |

This matter arises upon a Petition for habeas corpus relief filed in this Court on May 2, 2006, by Kenneth Booker ("Booker").  Jurisdiction has been invoked pursuant to 28 U.S.C. § 2254 and 28 U.S.C. § 2241.

Booker has been incarcerated at the Grafton Correctional Institute since 1991; however, he is not seeking relief from his conviction, or the sentence upon which his confinement is based.  He is, rather, attacking the process that caused him - on January 6, 2004 - to be classified as a sexual predator pursuant to Ohio Revised Code § 2950.01, *et seq.* (Ohio's sex offender registration statute).[1]

Booker alleges he is entitled to a writ of habeas corpus because an error of "state evidentiary law" occurred when the Eighth District Court of Appeals of Ohio failed to rule on seven assignments of error presented by Booker in a supplemental brief on appeal, and when the state trial court adjudicated him a sexual predator.  The appellate court overruled each of the three assignments of error presented by Booker in his original brief on appeal, and, without specifically addressing Booker's supplemental brief, affirmed the conclusions reached by the trial court during Booker's sexual offender classification hearing.  Booker claims the appellate court's failure to rule on each assignment of error

---

[1]     Booker previously challenged his underlying conviction and sentence by timely filing appeals to the Eighth District Court of Appeals and the Ohio Supreme Court.

was an erroneous application of Ohio Appellate Rule 12(A), and violated his right to due process.

After a motion to reconsider and reinstate his appeal was denied by the Eighth District Court of Appeals, Booker filed a complaint for a writ of mandamus in the Ohio Supreme Court.  In his mandamus complaint, Booker sought an order from the Ohio Supreme Court compelling the appellate court to review the seven assignments of error presented by Booker in his supplemental brief.  Upon motion by the State of Ohio, the supreme court dismissed Booker's mandamus complaint.  No further action was taken by Booker in that court.[2]

Currently pending in this matter is a *Motion to Dismiss* (Doc. No. 7) filed by Defendant Carl S. Anderson ("Anderson"), Warden of the Grafton Correctional Institute.  Booker has filed a Reply in Opposition, as well as a *Motion for Evidentiary Hearing* (Doc. No. 8), a *Motion for Appointment of Counsel* (Doc. No. 10), a *Motion to Stay State Court Proceedings and Adjudication* (Doc. No. 11), and a *Motion for Temporary Restraining Order/Preliminary Injunction* (Doc. No. 12).

Pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b), this matter was referred to a Magistrate Judge of this Court.  On February 13, 2007, Magistrate Judge George J. Limbert issued a Report and Recommendation ("R&R"), which recommends the Court dismiss Booker's habeas petition with

---

[2]     Booker subsequently filed, in this Court, an action under 42 U.S.C. § 1983 against the Eighth District Court of Appeals, and the individual judges who heard his appeal.  In his Complaint, Booker averred: (1) the state trial court violated his rights under the Ohio Constitution by classifying him as a sexual predator; (2) the appellate court improperly refused to consider all of his assignments of error as required under Ohio Appellate Rule 12(A); and, (3) the Ohio Supreme Court should have compelled the appellate court to rule on all of his assignments of error.  There, as here, Booker expressly sought to have this Court conduct an independent review of the assignments of error presented by Booker in his appeal of the sexual predator adjudication.  Booker's § 1983 action, however, was dismissed under 28 U.S.C. § 1915(A) for failure to state a claim upon which relief could be granted, pursuant to the reasoning of the Rooker-Feldman doctrine.

2

prejudice, and deny Booker's remaining motions as moot.[3]  Booker filed an Objection to the R&R, reiterating the same issues he raised in his Reply to the motion to dismiss.  Booker again requests that this Court "review the merits" of his case, "reverse the judgment of the state court," and "vacate the order for lack of jurisdiction."

For the reasons outlined below, the Court **ADOPTS** the R&R as its own.  After conducting an independent review of the habeas petition, the Court finds no merit in Booker's objections.  Accordingly, Anderson's request that Booker's petition be dismissed (Doc. No. 7) is **GRANTED**.  Booker's habeas petition is **DISMISSED with prejudice**, and his remaining Motions are denied as moot.  In light of Booker's objections, however, the Court finds it necessary to briefly articulate its reasoning.

## I. STANDARD OF REVIEW

Although Booker insists, in his Reply to Anderson's Motion to Dismiss and in his Objection to the R&R, that Anderson and the Magistrate Judge erroneously rely on 28 U.S.C. § 2254(a) - rather than 28 U.S.C. § 2254(d) and 28 U.S.C. § 2241(c)(3) - as support for dismissal of this action, the Court is satisfied that review of Booker's petition is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), codified at 28 U.S.C. § 2254.

In relevant part, the AEDPA provides that:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court *shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.
>
> * * *

---

[3]     The Magistrate Judge, in his R&R, denied Booker's motion for appointment of counsel (Doc. No. 10).  That order is not a subject of this proceeding.

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim - -
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*See* 28 U.S.C. § 2254(a), (d)(emphasis added).

Similarly, 28 U.S.C. § 2241, authorizing this Court with general jurisdiction to grant a writ of habeas corpus, provides in pertinent part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless - -
>
> \* \* \*
>
> (3) He is ***in custody in violation of the Constitution or laws or treaties of the United States***.

*See* 28 U.S.C. § 2241(c)(3)(emphasis added).  The Sixth Circuit has expressly recognized that the ability of state prisoners to bring a habeas petition under 28 U.S.C. § 2241 is limited by the restrictions set forth in 28 U.S.C. § 2254.  *See Rittenberry v. Morgan*, 468 F.3d 331, 333-38 (6th Cir. 2006)(acknowledging that, on its own, § 2241 would be more hospitable to a state prisoner seeking habeas relief; however, § 2241 is not an independent and separate avenue of relief but, rather, is to be read in conjunction with the requirements of § 2254, which are "a limitation on the general grant of jurisdiction conferred in section 2241."); *see also Greene v. Tennessee Dep't. of Corr.*, 265 F.3d 369, 371 (6th Cir. 2001)("[W]hen a prisoner begins in the district court, § 2254 and all associated statutory requirements apply no matter what statutory label the prisoner has given the case.").

In *Rittenberry*, the Sixth Circuit cited to a host of other federal courts of appeals that have consistently viewed "§§ 2241 and 2254 as governing a single post-conviction remedy, with the § 2254

4

requirements applying to petitions brought by a state prisoner in custody pursuant to the judgment of a State court, giv[ing] meaning to § 2254 without rendering § 2241(c)(3) superfluous." *Thomas v. Crosby*, 371 F.3d 782, 786 (11th Cir. 2004).[4]  The *Rittenberg* panel adopted the reasoning of those courts, as well as its prior reasoning in *Greene, supra*. *Rittenberg*, 468 F.3d at 336.  Bringing an action under § 2241 in a federal district court within the Sixth Circuit, therefore, will not permit a prisoner to evade the requirements of § 2254.

Turning to 28 U.S.C. § 2254, it is clear that a federal court cannot proceed to entertain a habeas petition submitted on behalf of a person in custody pursuant to the judgment of a State court - or even determine whether to grant such a petition under 28 U.S.C. § 2254(d) - **<u>unless</u>** the court is first satisfied, under 28 U.S.C. § 2254(a), that the basis for the habeas petition is that the petitioner's "custody" is in violation of the Constitution or laws or treaties of the United States.  The threshold issue in any habeas matter, therefore, is whether the petitioner has asserted a custody, pursuant to a state court judgment, that is in violation of the Constitution or laws or treaties of the United States.[5]

While there are additional procedural hurdles a habeas petitioner must overcome, including statute of limitations and exhaustion of state remedies requirements, the determinative issue for review in this matter - based upon the case presented by Booker - is the Court's jurisdiction to hear Booker's

---

[4]     The *Rittenberg* decision, in addition to citing to the eleventh circuit, cited to decisions from the second, seventh, eighth and ninth circuits.

[5]     *See, e.g., Cafafas v. LaValle*, 391 U.S. 234, 238 (1968)("The federal habeas corpus statute requires that the applicant must be 'in custody' when the application for habeas corpus is filed.  This is required not only by the repeated references in the statute, but also by the history of the great writ.  Its province, shaped to guarantee the most fundamental of all rights, is to provide an effective and speedy instrument by which judicial inquiry may be had into the legality of the detention of a person.").

5

petition in the first instance.  If this Court is without jurisdiction to entertain Booker's petition because it does not contain a claim that Booker is "in custody" within the meaning of 28 U.S.C. § 2254, the Court need not determine whether the petition was filed within the statute of limitations or whether Booker first exhausted state remedies.

## II.    DISCUSSION

For purposes of Anderson's Motion to Dismiss, the primary issue before the Court with respect to the Court's general jurisdiction is whether habeas relief is specifically available to a petitioner whose claimed constitutional violations result in the petitioner being classified as a "sexual predator" under Ohio law.  The Court concludes that habeas relief is not available in such situations; therefore, dismissal is warranted.

This Court has recently explained, and analyzed, the purpose of a writ of habeas corpus in a similar context:

> The federal writ of habeas corpus is the appropriate remedy when a petitioner challenges "the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release from that imprisonment."  *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).  In other words, the person who is in custody is challenging the conviction or sentence which resulted in the unconstitutional "custody."  Although generally recognized as actual, physical custody, a petitioner may be considered "in custody" for purposes of habeas review if the petitioner is subject to restraints not shared by the public generally.  *Hensley v. Municipal Court, San Jose Milpitas Judicial Dist., Santa Clara County, California*, 411 U.S. 345, 351, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973).  However, a petitioner not in physical custody must be subject to some sort of supervisory control along with the imminent possibility of incarceration without a formal trial and criminal conviction so as to impose such a restraint on liberty as to constitute custody.  *Id.*
> 
> * * *
> 
> The custody requirement is not satisfied by the collateral disabilities resulting from a conviction, such as the susceptibility to deportation, the inability to pursue certain professions, possess firearms, or serve as a

6

juror, or the potential for future sentencing as a recidivist. *See Maleng v. Cook*, 490 U.S. 488, 492, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989)(possibility that prior conviction will be used to enhance sentence for future convictions not sufficient to render person "in custody" for purposes of habeas review); *Kandiel v. United States*, 964 F.2d 794 (8th Cir.1992)(being held by INS pending deportation not "in custody" for purposes of habeas review); *Welch v. Falke*, 507 F.Supp. 264 (S.D.Ohio 1980)(fact that conviction rendered petitioner ineligible for record expungement not sufficient to render "in custody" for purposes of habeas review). Similarly, the classification of a sex offender as a sexual predator is a collateral disability resulting from a conviction and thus does not satisfy the "in custody" requirement of federal habeas corpus. *See Williamson v. Gregoire*, 151 F.3d 1180 (9th Cir.1998)(petitioner who had completed sentence but was required to register as sex offender under state law was not "in custody" for purposes of habeas relief), *cert. denied*, 525 U.S. 1081, 119 S.Ct. 824, 142 L.Ed.2d 682 (1999). Since a petitioner is not "in custody" for purposes of habeas review by virtue of the fact that he was classified as a sexual predator and as a result must register upon release from prison, there is no "illegal custody" to remedy. As such petitioner's claims are not cognizable in federal habeas corpus.

*Thomas v. Morgan*, 109 F. Supp. 2d 763, 767-68 (N.D. Ohio 2000, Potter, J.).

By his habeas petition, Booker seeks relief from the judgment of the Eighth District Court of Appeals, which affirmed the trial court's adjudication of Booker as a sexual predator. In the petition, Booker argues - at great length - that the state trial court erred in classifying him as a sexual predator, in requiring him to register as a sexual predator upon his release from the Grafton Correctional Institute, and in considering certain evidence during his sexual offender classification hearing.

Booker elaborates further on the state trial court errors in both his Reply to the motion to dismiss, and in his Objection to the R&R, yet asserts it is the failure of the appellate court to consider all of Booker's assignments of error on appeal that actually gives rise to habeas relief in this case. Booker asserts that "where the violation of a State's evidentiary rule has resulted in the denial of fundamental fairness thereby violating due process Federal Habeas corpus relief will be granted." *See*

7

*Petitioner's Reply in Opposition to Respondent Return of Writ under Civil Rule 7(e) of the Federal Rules of Civil Procedure & 5(e) of the Habeas Provision*, p.1.  Booker then cites to several Sixth Circuit opinions for his general conclusion that, although errors in the application of state law usually are not cognizable in a federal habeas corpus action, any violation of a state's evidentiary rule that results in "fundamental unfairness"- as viewed by the petitioner - is cognizable.

What Booker fails to appreciate, however, is that in each of the cases he cites, the habeas petitioner pointed to a claimed constitutional violation and/or "State evidentiary rule violation" as the predicate for challenging the validity of the petitioner's *incarceration*, *detention*, or other *significant restraint upon personal liberty.*[6]  Here, Booker does not contend that the appellate court's refusal to

---

[6]       The cases cited by Booker include: *Atkins v. People of State of Michigan*, 644 F.2d 543 (6th Cir.1981)(where the petitioner challenged his pre-trial detention on grounds that his *confinement* violated his constitutional right to a speedy trial, and that the denial of bail violated the Fourteenth Amendment, the Sixth Circuit reversed the district court's grant of a writ of habeas corpus and reinstated the state court murder indictment; however, ordered the petitioner released on bond until trial); *Love v. Ficano*, 19 F. Supp. 2d 754 (E.D. Mich. 1998)(where a pre-trial detainee argued that his *custody* - by virtue of an unexplained revocation of bond by the state court of appeals - violated due process, the federal district court granted habeas relief and ordered the petitioner released on bond pending the prosecution's appeal of a new trial that had been granted to the petitioner); *Pak v. Reno*, 196 F.3d 667 (6th Cir. 1999)(involving a habeas challenge to the denial of a discretionary waiver of *deportation*); *Cook v. Maleng*, 847 F.2d 616 (9th Cir. 1988)(finding that the custody requirement for federal habeas relief was satisfied where a prisoner's prior conviction, although expired, was used to enhance his current sentence because, if the prior conviction was invalid and used to enhance the prisoner's current sentence, the prisoner was "*meaningfully restrained*" *by his prior conviction* and could, therefore, challenge the prior conviction in a habeas proceeding ... this portion of the Ninth Circuit decision was later overruled by the United States Supreme Court in *Maleng v. Cook* (1989), 490 U.S. 488); *Cooper v. Sowders*, 837 F.2d 284 (6th Cir. 1988)(where a habeas petitioner was *attacking the constitutionality of his conviction and sentence*, habeas relief was proper, and the petitioner's release from custody was warranted until retrial, upon a finding that, when considered cumulatively, the trial court's numerous violations of state rules of evidence so seriously impugned the fundamental fairness of trial

8

rule on the assignments of error in his supplemental brief - which he claims is an evidentiary/due process violation - led to an unconstitutional conviction or sentence. Booker has, in fact, expressly admitted he is <u>not</u> challenging his conviction and sentence; nor is he challenging the status of his detention in the Grafton Correctional Institute. He emphatically denies that "custody" is an issue whatsoever for purposes of his habeas petition.

Booker claims, instead, that certain "State evidentiary rule violations" resulted in affirmation of Booker's classification as a sexual predator, which Booker claims was an erroneous adjudication in the first instance. Booker alleges that the mis-application of these evidentiary rules, by both the state appellate court and the trial court, violated his due process rights. No specific showing is made by Booker, however, as to how the claimed "abuse of discretion" and "manifest injustice" committed by the Ohio courts - which are principles of state law - led to a fundamentally unfair trial, and, eventually, an ***unconstitutional confinement***. Rather, Booker simply claims that the United States Constitution, and Ohio Appellate Rule 12(A), required the court of appeals to rule on his supplemental brief. Nothing in this argument, however, invokes an "illegal custody" that can be remedied through federal habeas relief. *See Thomas*, *supra*.

As Magistrate Judge Limbert correctly concluded in this case, Booker's classification as a sexual predator in Ohio simply does not constitute being "in custody" for purposes of conferring federal habeas jurisdiction upon this Court. The Sixth Circuit stands firm in holding that classification as a

---

as to amount to a constitutional violation); *Walker v. Engle*, 703 F.2d 959 (6th Cir. 1983)(affirming the district court's grant of a writ of habeas corpus to a petitioner ***challenging his conviction***, and granting the prosecution an opportunity for a retrial, on the basis that the cumulative effect of the state's conduct was to arouse prejudice against the petitioner to such an egregious extent as to constitute a fundamentally unfair trial).

sexual predator is "more analogous to collateral consequences [of a conviction] such as the loss of the right to vote than to severe restraints on freedom of movement such as parole." *Leslie v. Randle*, 296 F.3d 518, 523 (6th Cir. 2002)[7].  This Circuit, moreover, is not alone in its reasoning.  It is well-established in the Ninth Circuit that habeas petitioners who are required to register as sex offenders do not satisfy the "in custody" requirement of 28 U.S.C. § 2254.  *See, e.g., Williamson v. Gregoire*, 151 F.3d 1180, 1183-84 (9th Cir. 1998)(Washington's sex offender statute does not place an offender "in custody" for purposes of 28 U.S.C. § 2254 because the classification, registration, and notification requirements are "more properly characterized as a collateral consequence of conviction rather than as a restraint on liberty."); *McNab v. Kok*, 170 F.3d 1246, 1247 (9th Cir. 1999)(same conclusion for Oregon statute); *Henry v. Lungren*, 164 F.3d 1240, 1241-42 (9th Cir. 1999)(same conclusion for California statute).

District courts in Ohio, following the command of the Sixth Circuit, have repeatedly recognized that being adjudicated a sexual predator in Ohio is insufficient to satisfy the "in custody" requirement for habeas relief - most significantly, where the petitioner does not challenge the underlying conviction

---

[7]     In *Leslie*, as here, the petitioner was incarcerated when he filed his habeas petition and cited his classification as a sexual predator as the basis for his petition, rather than his conviction and sentence.  The *Leslie* panel made an additional finding of significance, which forecloses any possibility of arguing that a challenge to sexual predator status constitutes an attack on the underlying sentence and conviction. The court recognized that the Ohio sexual predator statute is ***remedial*** in nature, as opposed to punitive.  *Leslie*, 296 F.3d at 521-23.  Since the sexual predator hearing attaches no criminal penalty, it is a collateral consequence of a conviction and not part of the sentence.  *See, e.g., Goodballet v. Mack*, 266 F. Supp. 2d 702, 707-08 (N.D. Ohio 2003, Gwin, J.).

10

and sentence for committing a sexual offense.[8]  Federal habeas corpus relief, as a general rule, has never been available to rectify mere errors of state law.  *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Estelle v. McGuire*, 502 U.S. 62, 67 (1991).  Booker cannot avoid these barriers simply by dressing up his arguments with a cryptic, unsupported claim of a Fourteenth Amendment due process violation.  Booker's claim that the state court of appeals violated his due process rights by improperly refusing to rule on each assignment of error presented by Booker during his appeal of the state's sexual offender classification hearing, and that the trial court erred by adjudicating him a sexual predator in the first instance, is beyond the jurisdiction of a federal habeas court.  The Court, therefore, need not address the remaining grounds for dismissal in Anderson's Motion to Dismiss, and recommended in the Magistrate Judge's R&R.[9]

---

[8]     *See, e.g., Noland v. Hurley*, 2006 WL 1580139 (S.D. Ohio, March 21, 2006)(slip copy)(incarcerated petitioner's assertion that he was denied due process and the right to present a defense when he was adjudicated a sexual predator, and that Ohio's sexual predator statute - as it applied to him - is unconstitutional, fails to present an issue appropriate for federal habeas corpus review); *Canfield v. Bradshaw*, 2007 WL 397019 (N.D. Ohio, January 31, 2007, Katz, J.)(slip copy); *Beckley v. Taft*, 2006 WL 2457825 (N.D. Ohio, Aug. 23, 2006, Oliver, J.)(slip copy); *Carnail v. Bagley*, 2006 WL 1876546 (N.D. Ohio, July 3, 2006, Wells, J.)(slip copy); *Charley v. Bagley*, 2006 WL 1624240 (N.D. Ohio, June 2, 2006, Wells, J.); *Carnail v. Hudson*, 2006 WL 3757454 (N.D. Ohio, Dec. 19, 2006, Wells, J.)(slip copy); *Thomas v. Morgan*, 109 F. Supp. 2d 763 (N.D. Ohio 2000, Potter, J.).

[9]     The Court, nevertheless, agrees with the well-reasoned analysis of the Magistrate Judge with respect to Booker's failure to exhaust state remedies and failure to file his habeas petition within the statute of limitations.

11

III.    **CONCLUSION**

In light of the foregoing, it is

ORDERED THAT Defendant Carl S. Anderson's Motion to Dismiss (Doc. No. 7) is

**GRANTED**.

IT IS FURTHER ORDERED THAT the following motions submitted by Petitioner Kenneth

Booker are **DENIED** as moot:

1.     *Motion for Evidentiary Hearing* (Doc. No. 8);

2.     *Motion for Appointment of Counsel* (Doc. No. 10)[10];

3.     *Motion to Stay State Court Proceedings and Adjudication* (Doc. No. 11); and,

4.     *Motion for Temporary Restraining Order/Preliminary Injunction* (Doc. No. 12).

**IT IS SO ORDERED.**

s/Kathleen M. O'Malley
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated: June 14, 2007**

---

[10]     Although the Magistrate Judge denied this motion in the R&R, it remains pending on the Court's docket.

12